```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
UNITED STATES OF AMERICA,            :
                                     :      19-cr-96 (JSR)
            -v-                      :
                                     :
SYDNEY SCALES,                       :      MEMORANDUM ORDER
                                     :
            Defendant.               :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

Confirming the in-court ruling of July 20, 2021, the defendant's motion challenging the composition of the jury pool is hereby denied. Defendant argued that the Southern District's qualified jury wheel and the individual venire designated for Mr. Scales's trial do not represent a fair cross-section of the community, in violation of the Sixth Amendment and the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 ("JSSA"). For the reasons briefly stated herein, the Court finds that the defendant has failed to demonstrate such a violation.

The three-pronged test outlined in Duren v. Missouri, 439 U.S. 357, 364 (1979), governs fair cross-section challenges under the Sixth Amendment and the JSSA. United States v. Rioux, 97 F.3d 648, 660 (2d Cir. 1996) (internal citations omitted). The Duren test requires a defendant to demonstrate that (1) "the group alleged to be excluded is a 'distinctive group' in the community";

(2) "the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community"; and (3) "this underrepresentation is due to systematic exclusion of the group in the jury-selection process." 439 U.S. at 364. Scales correctly asserts that Black and Hispanic persons are distinctive groups for purposes of Duren's first prong. Rioux, 97 F.3d at 654. However, Scales has failed to demonstrate either the second or third Duren prong.

Looking at whether representation is fair and reasonable under the second Duren prong requires considering the relevant jury pool for comparison with the general population, the appropriate method for calculating any disparity between the two, and then whether any calculated disparity is quantitatively significant and thus so unfair that it violates the Sixth Amendment and JSSA.

The relevant jury pool is determined by the nature of the alleged causes of any underrepresentation. See Rioux, 97 F.3d at 654; United States v. Barlow, 732 F. Supp. 2d 1, 40 (E.D.N.Y. 2010), aff'd, 479 F. App'x 372 (2d Cir. 2012). Here, Scales's arguments of unfairness go to how the master jury wheel is created as well as to how the master jury wheel is narrowed to the qualified jury wheel. Therefore, examining both the master and qualified

wheel is necessary to evaluate the alleged disparity.[1] See Barlow, 732 F. Supp. 2d at 29, 35.

After determining the relevant jury pool, we must then consider the appropriate statistical method for calculating any disparity. Scales makes arguments based on the absolute disparity method and the comparative disparity method; the absolute disparity method is the appropriate method for comparison here. See Rioux, 97 F.3d at 655-56; United States v. Barnes, 520 F. Supp. 2d 510, 514 (S.D.N.Y. 2007); United States v. Joshua Schulte, No. S3 17 CR. 548, 2021 WL 1146094, at *4 (S.D.N.Y. Mar. 24, 2021).

Having identified the relevant jury pool and appropriate statistical method, we turn to the disparity calculation. Applying the absolute disparity method to the master jury wheel and qualified jury wheel, the questions are: what disparity exists, and is it quantitatively significant such that it is unfair under the second Duren prong? Defendant does not calculate the absolute disparity comparing the master jury wheel to the community population, but the government does: 1.34% for Black persons and 0.04% for Hispanic persons. Gov't Mem. at 16. Both defendant and

---

[1] Venire panels are randomly drawn subsets of the qualified jury wheel. None of the potential causes identified by Scales for the alleged underrepresentation relate to the process by which individual venire panels are drawn from the qualified jury pool. The individual venire in this case is thus not a relevant jury pool.

the government calculate the absolute disparity comparing the qualified jury wheel to the community population. As the government's calculation is slightly higher and thus generous to the defendant's argument, we rely on it here: 5.72% for Black persons and 9.88% for Hispanic persons. Id.

While these disparities are not de minimis, neither do they, when considered together, clearly establish the quantitative significance considered in cases from this and other Circuits. See, e.g., United States v. Biaggi, 909 F.2d 662, 677-78 (2d Cir. 1990) (3.6% for Black persons and 4.7% for Hispanic persons); United States v. Phillips, 239 F.3d 829, 842 (7th Cir. 2001) (finding that a disparity under ten percent was not alone enough to demonstrate unfairness). As the qualified jury wheel figures cannot be taken alone, and must be considered alongside the master jury wheel figures, the disparities are not clearly unfair for purposes of the second Duren prong.

Even setting aside the evaluation of the disparity under the second prong, Scales fails to establish the third Duren prong, which is on its own sufficient to deny his motion. To satisfy the third prong, Scales would need to present proof that the numerical disparity is attributable to some systematic feature of the jury selection process that results in the exclusion of Black or Hispanic persons. After all, the second and third Duren prongs are

linked, i.e., it must be the systematic exclusionary feature that causes the unfair quantitatively significant underrepresentation of the identified group. See Rioux, 97 F.3d at 658; Biaggi, 909 F.2d at 677-78. Scales's argument under the third Duren prong amounts to an assertion that because there are disparities, and these disparities have existed over time, there is systematic exclusion in the jury selection process. While the duration of disparity over time was mentioned in the discussion in Biaggi, that is not enough for Scales here. The defendant must establish that the exclusion is the result of the "jury selection itself, rather than external forces." See Rioux, 97 F.3d at 658; see also United States v. Jackman, 46 F.3d 1240, 1245 (2d Cir. 1995). The defendant here has not done so. In failing to identify any part of the jury selection process that caused a meaningful part of the numerical disparities at issue, the defendant has not satisfied the third Duren prong either.

Defendant's other arguments alleging a violation of the JSSA do not rise to the level of "substantial failures to comply" with the JSSA and are thus not actionable.

Accordingly, the motion is denied.

SO ORDERED.

Dated:   New York, NY
         July 22, 2021

_____
JED S. RAKOFF, U.S.D.J.