```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :   19-cr-96 (JSR)
        -v-                         :
                                    :   ORDER
SYDNEY SCALES,                      :
                                    :
        Defendant.                  :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.:

On October 27, 2023, the Court received a letter from defendant Sydney Scales that was titled "Pro Se Motion for Modification of Protective Order." In aid of his pending appeal before the Second Circuit, Scales seeks access to materials that are covered by the protective order the Court issued in advance of his trial. See ECF No. 15. In a letter response submitted on October 30, 2023, the Government points out that Scales's appeal has already been fully briefed by appointed appellate counsel, and argues that "[a] defendant has . . . no right to 'hybrid' representation in which he is represented by counsel but supplements his lawyer's work with selected pro se submissions." United States v. Hage, 74 F.4th 90, 93 (2d Cir. 2023). Although the Government is correct that a criminal defendant has no right to such "hybrid" representation, Scales's appellate counsel has not entered an appearance in Scales's case before this Court, where Scales filed the motion.

1

Even construing Scales's submission as a legitimately pro se motion, however, the motion is unconvincing. Scales provides no reason to believe that modifying the protective order, which remains necessary to safeguard sensitive information about cooperating witnesses and victims, would support his ability to raise any non-frivolous legal claim on appeal. Indeed, because briefing of his appeal is already complete, any addition by Scales would be an untimely pro se supplement to a counseled brief, which is plainly impermissible. See Hage, 74 F.4th at 93-96. The Court thus denies Scales's motion. See Fed. R. Crim. P. 37(a)(2) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion.").

SO ORDERED.

Dated:   New York, NY

        October 31, 2023        _____

                                             JED S. RAKOFF, U.S.D.J.