```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SYDNEY SCALES,<br><br>      Movant,<br><br>  -v-<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | 24-cv-8571 (JSR)<br>19-cr-96-1 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On June 5, 2025, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation (the "R&R") in the above-captioned matter recommending denial of the petition filed by Sydney Scales pursuant to 28 U.S.C. § 2255. See 24-cv-8571, ECF No. 16. On June 18, 2025, Scales timely filed an objection to the R&R. See 24-cv-8571, ECF No. 17. For the following reasons, the Court adopts the R&R in its entirety.

I.  Background

On February 17, 2022, the Court sentenced Scales to 324 months' imprisonment after a jury found him guilty of various crimes, including conspiring to distribute controlled substances, distributing controlled substances, and related firearms offenses. 19-cr-96, ECF Nos. 207, 259. Scales appealed to the Second Circuit, which affirmed the judgment. 19-cr-96, ECF No. 288 at 12.

On November 4, 2024, Scales moved for relief under 28 U.S.C. § 2255, arguing that his trial and appellate counsel were ineffective in his defense. 24-cv-8571, ECF No. 1. Specifically, Scales argued

that they (1) failed to move to suppress cellphone location data purportedly obtained without a warrant; (2) failed to object to a jury instruction about aiding and abetting a violation of 18 U.S.C. § 924(c); (3) failed to appeal the Court's preclusion of defense witnesses who would have testified about Scales's jobs as a personal trainer; and (4) failed to explain to him how the Sentencing Guidelines would apply if he were convicted of only the narcotics charge, which he alleges that if he had understood, would have led him to accept a 20-year plea offer. See id.; 24-cv-8571, ECF No. 16 at 3-4.

Magistrate Judge Aaron issued the R&R on June 5, 2025, recommending that the Court deny Scales's Section 2255 Motion. See 24-cv-8571, ECF No. 16. Scales subsequently filed objections to the R&R. See 24-cv-8571, ECF No. 17. In his objections, Scales acknowledged that he had withdrawn his third claim for relief. See 24-cv-8571, ECF No. 17 at 5. Accordingly, Scales's remaining claims involve only alleged ineffective assistance on the part of his trial counsel.

II. Legal Standard

In reviewing a report and recommendation from a magistrate judge, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a timely objection has been made to a magistrate judge's recommendations, "[the district court judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b).

2

Relief under Section 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000). To establish a constitutional violation for ineffective assistance of counsel, a movant must show that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

III. Discussion

    A. Cellphone Location Data

In his Section 2255 Motion, Scales asserted that the Government obtained his cellphone location data without first obtaining a warrant, and that counsel significantly erred by failing to move to suppress this evidence. 24-cv-8571, ECF No. 1 at 5A. The R&R recommended rejecting this ground for relief on the bases that (1) cellphone location data collected on February 15, 2019, was, in fact, obtained via a warrant, and in any event no evidence arising from this warrant was offered at trial; and (2) data collected prior to the issuance of the 2019 warrant had been procured pursuant to earlier warrants, and that defense counsel had unsuccessfully moved to suppress the data collected from these warrants. 24-cv-8571, ECF No. 16 at 7-8.

3

In Scales's objection to the R&R, he claims that his defense counsel was nevertheless ineffective because her challenge to the warrants prior to 2019 was based on Federal Rule of Evidence 403, rather than the Fourth Amendment. 24-cv-8571, ECF No. 17 at 1-3. The Court disagrees that this argument warrants relief.

As an initial matter, Scales did not raise the argument he presses in his objections to the R&R in his initial petition for relief under Section 2255. See 24-cv-8571, ECF No. 1 at 5A (raising only the argument that trial counsel failed to file a motion to suppress cellphone location data). "Ordinarily the failure to raise a particular claim in a habeas corpus petition precludes the petitioner from raising such a claim in his objections to a magistrate's report and recommendation." Wax v. Keane, 1991 WL 220962, at *7 (S.D.N.Y. Oct. 17, 1991). However, "because the petitioner here is pro se, the Court will consider this claim de novo." Id.

In any event, defense counsel did make the Fourth Amendment argument that Scales claims she never made. Specifically, defense counsel argued in the initial proceedings that the cellphone location data collected prior to February 2019 should be suppressed pursuant to the Fourth Amendment. See 19-cr-96, ECF No. 142 at 41-43. The Court then denied that motion. See 19-cr-96, ECF No. 155 at 26. Though defense counsel did not re-raise the Fourth Amendment argument on appeal, that decision is not indicative of ineffective assistance because it was "reasonable and within the realm of good professional judgment." Argulo v. Kelly, 1992 WL 110765, at *4 (S.D.N.Y. May 4,

4

1992). The Sixth Amendment, after all, does "not require counsel to raise every non-frivolous argument a client requests." Weingarten v. United States, 865 F.3d 48, 53 (2d Cir. 2017).

Accordingly, the Court rejects Scales's objection to the R&R based upon defense counsel's alleged lack of efforts to suppress his cellphone location data.

B. Jury Instruction

Scales also asserted in his Section 2255 Motion that his defense counsel should have objected to what Scales characterizes as an incorrect jury instruction. 24-cv-8571, ECF No. 1 at 6A-6B. In the initial proceedings, the Government charged Scales with aiding and abetting the discharge of a firearm. 24-cv-8571, ECF No. 16 at 8-9. The Court's instructions to the jury on that offense explained that jurors "do not need to find that the defendant had advance knowledge that the discharge would occur" to conclude that the defendant had aided and abetted in the discharge of a firearm. 19-cr-96, ECF No. 233 at 2073. Scales argues that his counsel should have objected to such an instruction, which he claims contradicted binding precedent. 24-cv-8571, ECF No. 1 at 6A-6B.

The R&R concluded, however, that the jury instruction was consistent with precedent. 24-cv-8571, ECF No. 16 at 8-10. Scales's objection to the R&R re-raises the same arguments he made in his initial Section 2255 Motion. 24-cv-8571, ECF No. 17 at 4-5. Because the Court agrees with the R&R's interpretation of precedent, Scales's objection is overruled.

In Rosemond v. United States, the Supreme Court held that an aider and abettor is responsible for the criminal conduct of the person he assists. 572 U.S. 65, 78 (2014). In aiding and abetting the offense of discharging a weapon in violation of 18 U.S.C. 924(c), a defendant need only have the prerequisite knowledge that one of his confederates is carrying a gun and have enough advance knowledge to be able to withdraw from the principal offense before the arm is used. Id. Further, in a separate decision, the Supreme Court held that the offense of discharging a firearm in violation of 18 U.S.C. 924(c) "requires no separate proof of intent," and that discharge can be "on purpose or by accident." Dean v. United States, 556 U.S. 568, 577 (2009). Together, these cases stand for the proposition that a defendant can be found guilty of aiding and abetting the discharge of a firearm even without knowledge that discharge would occur.

Scales's reference to United States v. Gymafi is unavailing. That case acknowledged that "[i]t is well established that a defendant may be held accountable for the foreseeable harms caused by his unlawful actions," and there was an open question there as to the level of mens rea the Government must prove to convict a defendant of felony murder when he is an aider and abettor of the underlying felony. Gymafi, 357 F. Supp. 3d at 355, 362 (S.D.N.Y. 2019). Here, however, Scales has not shown that discharge of a firearm is an unforeseeable harm where a defendant knowingly and intentionally associates himself with a participant in a drug conspiracy who planned to use, carry, or possess

6

a firearm in furtherance of the drug conspiracy, and, in any event, Rosemond and Dean would foreclose such an argument.

The Court therefore rejects Scales's objection to the R&R, finding no reason to conclude that defense counsel was ineffective for failing to object to the jury instruction.

C. Plea Negotiations

Scales also argued in his Section 2255 Motion that his counsel never explained the calculation of the Sentencing Guidelines for his narcotics conspiracy conviction. 24-cv-8571, ECF No. 1 at 9A-9B. He asserted that had he known the calculation, he "would have accepted the Government's 20 year plea offer." Id. The R&R recommended denying this ground for relief because the Government never made any formal plea offer. 24-cv-8571, ECF No. 16 at 11. Further, the R&R recommended against holding an evidentiary hearing on this issue because Scales had not shown a plausible claim of ineffective assistance of counsel. Id. at 11-12.

In his objections to the R&R, Scales argues that the R&R erred by concluding that no evidentiary hearing was required to determine whether his defense counsel ineffective during plea negotiations. 24-cv-8571, ECF No. 17 at 5-7. Specifically, Scales claims that an evidentiary hearing is necessary because defense counsel did not state in her affidavit "the substance of the possible dispositions conveyed by the government or whether she discussed any of them with the movant" or that "she discussed with the movant how the various [G]uideline

7

adjustments would" affect Scales's Guidelines range. 24-cv-8571, ECF No. 17 at 6.

But none of these arguments warrants an evidentiary hearing, which is unnecessary when testimony would add little or nothing to the written submissions. See Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011). Scales's claim for ineffective assistance of counsel rests on the assertion that he would have accepted the Government's plea offer but for his defense counsel's failure to communicate important information to him. 24-cv-8571, ECF No. 1 at 14. Yet, as the R&R notes, based on representations made by the Government and defense counsel, no formal plea offer was ever made. 24-cv-8571, ECF No. 16 at 11; 19-cr-96, ECF No. 315 ¶ 6 ("The government never made a formal plea offer to Mr. Scales."). Thus, Scales's harm is hypothetical, and an evidentiary hearing would not bolster the written submissions.

IV. Conclusion

For the foregoing reasons, the Court hereby adopts the R&R in its entirety.

SO ORDERED.

New York, NY
October 31, 2025

_____
JED S. RAKOFF, U.S.D.J.

8